UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61193-CV-COHN

FEDERAL INSURANCE COMPANY,
an Indiana Corporation, as subrogee of
Hidden Lake Partners, LLC, a Delaware
Corporation,

Magistrate Judge Seltzer

    Plaintiff,

vs.

CHEOY LEE SHIPYARDS, LTD., a foreign
corporation, and CHEOY LEE SHIPYARDS
NORTH AMERICA, INC., a Florida corporation,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary Judgment [DE 43], Plaintiff's Response thereto [DE 48], Defendants' Reply [DE 51], Defendants' Amended Motion to Extend the Fact Witness Discovery, Expert Disclosures, Rebuttal Expert Disclosures and Expert Discovery Deadlines [DE 54], Plaintiff's Motion for Leave to Reinstate Claims for Breach of Implied Warranty and for Leave to File Supplemental Memorandum of Law [DE 57] and Defendant's Response thereto [DE 63]. The Court has carefully considered the filings and is otherwise fully advised in the premises.

### I. INTRODUCTION

This diversity action involves claims for breach of contract and breach of warranty regarding failure of the fiberglass hull superstructure of the *M/V Viaggio*, a yacht owned by Hidden Lake Partners, LLC, manufactured by Defendant Cheoy Lee

Shipyards, Ltd. ("Cheoy"), and sold by Defendant Cheoy Lee Shipyards North America, Inc. ("CLSNA").[1]  Second Am. Compl., ¶ 11 [DE 33].  In a prior action in this Court, Hidden Lake sued Cheoy and CLSNA for the same claims regarding alleged defective manufacture of the vessel.  Case No. 08-cv-60271-PAS ("Prior Action").  In the present action, Federal Insurance Company ("Federal" or "Plaintiff") sues Cheoy and CLSNA as the insurer and subrogee of Hidden Lake.  Defendants have moved for summary judgment based on several grounds, including that the claims in this action are barred because Plaintiff has impermissibly split its causes of action.

## II.  FACTUAL BACKGROUND

The relevant facts for purposes of this Order are undisputed.  On April 8, 2005, Hidden Lake entered into a purchase agreement with CLSNA for "the build and purchase" of a yacht manufactured by Cheoy, the *M/V Viaggio*.  Affidavit of Christopher L. Doerr, ¶ 2 [DE 48-1].  On numerous occasions prior to February 27, 2008, Hidden Lake informed CLSNA and Cheoy of defects of the *M/V Viaggio* which Hidden Lake asserted should be repaired under the vessel's warranty.  Id., ¶ 3.  After the repairs were not completed, Hidden Lake sued CLSNA and Cheoy on February 27, 2008, for breach of contract and breach of express and implied warranties.  Id., ¶ 4.

On May 13, 2007, while at sea, the *M/V Viaggio* was hit by a large wave, causing the yacht's coachroof superstructure to fail.  In its complaint in the Prior Action, filed on February 27, 2008, Hidden Lake specifically sought recovery only for deficiencies

---

[1] "Defendants" shall refer collectively to both Cheoy and CLSNA.

which were in existence prior to the May 13, 2007 incident.  Id., ¶ 5; Complaint in Prior Action, ¶ 10.  The Prior Action was settled at mediation and dismissed with prejudice.

### III.  DISCUSSION

Defendant asserts several grounds in support of its motion for summary judgment.  Because the Court concludes that this entire diversity action is barred under Florida's rule against splitting claims, the Court will only address this issue.

#### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of

3

Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B. Rule Against Splitting Causes of Action

In this diversity action, Defendants argue that Plaintiff has impermissibly split its claims. There appears no dispute that in this second action Federal stands in the shoes of Hidden Lake.[2] As described above, Hidden Lake previously sued Defendants for warranty claims. Hidden Lake (and therefore Federal) knew about damages caused by the large wave on May 13, 2007, when it filed its action on February 27, 2008,

---

[2] The Court discusses below Federal's argument regarding the applicability of the insurance exception to the rule against splitting causes of action.

having had at least nine (9) months to ascertain those damages.[3]  However, Hidden Lake (and thus Federal) unilaterally decided to split their causes of action by deferring action on damages resulting from the failure of the "coachroof/flybridge superstructure." Federal argues that the wave incident on May 13, 2007, constitutes a separate and distinct action from the pre-existing warranty damages that were the subject of the preceding action, and that as a subrogated claim, the present action constitutes an exception to the rule.

The Florida Supreme Court stated the rule in <u>Dept. of Agriculture and Consumer Services v. Mid-Florida Growers</u>, 570 So. 2d 892 (Fla.  1990):

> The rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action. See <u>Schimmel v. Aetna Casualty & Sur. Co.</u>, 506 So. 2d 1162 (Fla. 3d DCA 1987); <u>Eagle-Picher Indus., Inc. v. Cox</u>, 481 So. 2d 517 (Fla. 3d DCA 1985), *rev. den.*, 492 So. 2d 1331 (Fla.1986). The rule against splitting causes of action is predicated on the following basic policy considerations: (1) finality in court cases promotes stability in the law; (2) multiple lawsuits arising out of a single incident are costly to litigants and an inefficient use of judicial resources; and (3) multiple lawsuits cause substantial delay in the final resolution of disputes. See <u>Stanley Builders, Inc. v. Nacron</u>, 238 So. 2d 606 (Fla.1970); <u>Schimmel</u>; <u>Eagle-Picher</u>. As respondents so strongly contend, the prohibition against beginning new citrus production for a period of time was an incident of the Department's destruction of the nursery stock, imposed for purposes of decontamination. The Department's alleged liability for this prohibition, as well as the facts necessary to prove it, existed at the time the first trial relating to liability commenced.

---

[3]  The Court takes judicial notice that the pleading amendment deadline in the Prior Action was November 1, 2008.  <u>See</u> Order Setting Trial Date and Pretrial Deadlines [DE 27] referencing parties' Joint Scheduling Report [DE 22] at page 11. Thus, Plaintiff had nearly 18 months to ascertain the damages.

Federal argues that this action does not arise from the same set of facts as the Prior Action.  However, the cited authority for that supposition stated the rule as requiring "that all damages sustained or accruing to one as a result of **a single wrongful act** must be claimed and recovered in one action or not at all."  Tyson v. Viacom, Inc., 890 So. 2d 1205, 1210-11 (Fla. Dist. Ct. App. 2005) (en banc), quoting Froman v. Kirland, 753 So. 2d 114, 116 (Fla. Dist. Ct. App. 1999) (emphasis added).  In Tyson, the court concluded that the claims for fraud in the inducement, breach of contract and whistle blower claims were all based upon separate wrongful acts of Tyson's employer.  Tyson, 890 So. 2d at 1211.  Though the acts all occurred during Tyson's employment, the course of employment was not itself the wrongful act giving rise to the claims.  Id.  The majority of the court therefore rejected application of the rule because of the different causes of action arising from separate wrongful acts.

In the present action, it is critical to note that the single wrongful act is the alleged defective manufacture of the vessel.  Although the damages may have occurred at two different times, all the damages sought in both actions were sustained or accrued as a result of the manufacture of the vessel.[4]  The alleged breaches by Defendants occurred at one time, during manufacture, and all such claims must have been brought in one action.

In Leahy v. Batmasian, 960 So. 2d 14, 18-19 (Fla. Dist. Ct. App. 2007), the

---

[4] The United States Court of Appeals for the Eleventh Circuit stated in interpreting Florida's law regarding *res judicata* and the rule against splitting causes of action that when "the plaintiff itself splits the cause of action to suit its own purposes, we find that damages are damages, for the purposes of res judicata."  Aquatherm Industries, Inc. v. Florida Power & Light, 84 F.3d 1388, 1395 (11th Cir. 1996).

Fourth District applied the rule to bar a second breach of contract claim seeking different damages.  The court relied upon the concurring opinion of Judge Gross in Tyson (joined by four of the other seven judges in the majority), in which he stated that "for purposes of applying the rule against splitting a cause of action, 'cause of action' is defined as 'the right which a party has to institute a judicial proceeding.'" Leahy, 960 So. 2d at 18, quoting Tyson, 890 So. 2d at 1220-21.  In the present action, as in the Prior Action, the causes of action are the same -- breach of contract and breach of warranty.

It is important to note that there is no dispute that the damage claims regarding the wave incident arose on May 13, 2007, or shortly thereafter when the vessel was inspected after pulling in to port, but clearly prior to the pleading amendment deadline in the Prior Action.  This is not a situation where Plaintiff did not have the claims accruing or available at the time of the first action.  Gilbert v. Florida Power & Light, 981 So. 2d 609, 614 (Fla. Dist. Ct. App. 2008); Tucker v. John Galt Ins. Agency Corp., 743 So. 2d 108, 110 (Fla. Dist. Ct. App. 1999), rev. den. 760 So. 2d 947 (Fla. 2000).

### C.  Insurance Exception Does Not Apply

Federal argues that Florida law recognizes an exception to the rule against splitting causes of action.  In Rosenthal v. Scott, 150 So. 2d 433 (Fla. 1963), the Florida Supreme Court created an exception for subrogated insurance claims for property damages and a separate action for personal injuries in an automobile crash situation.  The Court recognized that personal injuries from a crash may not be readily

ascertainable, but an injured person may need to quickly resolve the property insurance claim as to the vehicle damages.  Rosenthal, 150 So. 2d at 438.

This exception has been limited in its application.  DeCarlo v. Palm Beach Auto Brokers, Inc., 566 So. 2d 318 (Fla. Dist. Ct. App. 1990); McKibben v. Zamora, 358 So. 2d 866 (Fla. Dist. Ct. App. 1978); Commodores Point Terminal Corp. v. Florida Towing Corp., 280 So. 2d 509 (Fla. Dist. Ct. App. 1973).  Federal does not cite to a case that has applied the exception where the damages are of the same type, as opposed to the differing personal injury damages and property damages in Rosenthal.  Florida law does not support the argument that **any** subrogated claim is granted an exception to the rule against splitting causes of action.

Similarly, Federal cannot rely upon the policy outlined in the Rosenthal opinion that application of the rule in this case would defeat the ends of justice.  Rosenthal, 150 So. 2d at 439.  Rather than an individual facing unknown personal injuries and needing to quickly resolve a property claim, this case involves an insurance company (and insured yacht owner), who chose not to seek similar damages stemming from similar claims from a later incident in the Prior Action, though it had every opportunity to do so.

IV.  CONCLUSION

The Court therefore concludes that Plaintiff, as subrogee of Hidden Lake, impermissibly split its causes of action under Florida law.  The present claims are therefore barred from proceeding.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment [DE 43] is hereby **GRANTED** for the reasons stated above;

2. All other pending motions are denied as moot;

3. Pursuant to Rule 58, the Court will separately enter a final judgment in this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of June, 2010.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record on CM/ECF